902 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph ZIEGLER, Plaintiff-Appellant,
v.
CITY OF FARMINGTON HILLS POLICE DEPARTMENT, Defendant-Appellee.
 No. 89-1981.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1990.
 
 Before GUY and RYAN, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Joseph Ziegler, filed this pro se action against the city of Farmington Hills Police Department, pursuant to 42 U.S.C. Sec. 1983. Plaintiff was taken into custody by officers of the Farmington Hills Police Department shortly after he had been released from treatment for a gunshot wound. Essentially, Ziegler argues that police showed deliberate indifference to his medical needs while he was in their custody. In the district court, this matter was dismissed because the only defendant named was the Farmington Hills Police Department, and even if the suit were construed to be against the city of Farmington Hills, there was no proper cause of action alleged. There is no suggestion in plaintiff's case that whatever treatment he received was anything other than the random acts of individual police officers and, thus, the city of Farmington Hills would not be liable since respondeat superior liability does not lie in a section 1983 action. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978). A city is only liable under section 1983 when a purported constitutional violation is the result of a city's policies, practices, or customs. Construing plaintiff's pro se complaint broadly, as we are required to do, we are unable to find any possible implication of a policy or a custom of the city of Farmington Hills.
 
 
 2
 AFFIRMED.